FILED ☑  LODGED ___
RECEIVED ___  COPY ___

NOV 2 0 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

**SEALED**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>vs.<br><br>Jean Baptiste Kingery,<br><br>        Defendant. | CR-13-1607-PHX-SRB (BSB)<br><br>**INDICTMENT**<br><br>VIO:  22 U.S.C. §§ 2778(b)(2) and (c),<br>22 C.F.R. §§ 121.1, 123.1, and 127.1<br>(Attempted Violation of the Arms Export Control Act)<br>Count 1<br><br>18 U.S.C. § 554(a)<br>(Smuggling Goods From the United States)<br>Count 2<br><br>18 U.S.C. § 1001<br>(False Statement)<br>Count 3 |

THE GRAND JURY CHARGES:

## INTRODUCTION

1. At all times relevant to this indictment and in furtherance of world peace and the security and foreign policy of the United States, the Arms Export Control Act, Title 22, United States Code, Section 2778 ("AECA"), authorized the President of the United States to control the export of "defense articles" by designating those items which shall be considered as "defense articles" and by promulgating regulations for the import and export of such articles and services.

2. Defense articles that were subject to such licensing requirements were

designated on the United States Munitions List ("USML"). Those designations were made by the United States Department of State ("Department of State") with the concurrence of the United States Department of Defense ("Department of Defense"). (22 U.S.C. § 2778(a)(1); 22 C.F.R. § 120.2.)

3. Category IV of the USML included grenades as well as specifically designed or modified components, parts, accessories, attachments, and associated equipment for grenades and other articles referenced in the same category. (22 C.F.R. § 121.1.)

The following items were defense articles within Category IV(h) of the USML:
    a.    MK-II Grenade Shells;
    b.    M-67 Grenade Shells;
    c.    M-61 Grenade Shells;
    d.    M213 Detonating Fuse; and
    e.    M228 Detonating Fuse

4. Category III(a) of the USML included certain types of ammunition and ordnance for firearms listed in the USML. (22 C.F.R. § 121.1.)

The following were defense articles within Category III(a) of the USML:
    a.    Winchester .45 Caliber 230 FMJ Ammunition, Part #Q4170; and
    b.    Speer Lawman .380 Caliber Ammunition, Part #53608.

5. The AECA and its attendant regulations, the International Traffic in Arms Regulations, Title 22, Code of Federal Regulations, Sections 120-130 ("ITAR"), required a person to apply for and obtain an export license from the Directorate of Defense Trade Controls ("DDTC") of the Department of State before exporting from the United States arms, ammunition, or articles of war, which are all classified as defense articles. (22 U.S.C. §§ 2778(b)(2) and 2794(3); 22 C.F.R. §§ 120.1, 127.1.)

6. In an application for an export license, the applicant was required to state, among other things, the nature of the armaments to be exported, the end recipient of the armaments, and the purpose for which the armaments are intended. These factors and

others assisted DDTC in determining whether the export of the armaments would further the security and foreign policy interests of the United States or would otherwise affect world peace.

7. It was the policy of the United States to deny licenses with respect to the export of defense articles whenever an export would not be in furtherance of world peace and the security and foreign policy of the United States. (22 C.F.R. § 126.1.)

8. At no time did any person, including any person acting on behalf of or with the defendant, apply for, receive, or possess a license to export defense articles of any description related to this matter.

## COUNT 1

**(Attempt to Commit a Violation of AECA)**
**22 U.S.C. § 2778(b)(2) and (c); 22 C.F.R. §§ 121.1, 123.1, 127.1**

9. The factual allegations in paragraphs 1 through 8 of the Indictment are incorporated by reference and re-alleged as though fully set forth herein.

10. On or about June 15, 2010, in the District of Arizona, defendant JEAN BAPTISTE KINGERY, also known as "JB," "Jean Baptiste Moisson Kingery," "John Kingsley," "John King," "Juan Batista," "Moss Kingery," "Jeane Kingsley," "Juan Baptiste Moisson De Kingery," and "Juan Moisson," did knowingly and willfully attempt to export from the United States to the country of Mexico:

    a. MK-II Grenade Shells,

    b. M-67 Grenade Shells,

    c. M-61 Grenade Shells,

    d. M213 Detonating Fuse, and

    e. M228 Detonating Fuse,

all items being defense articles listed in Category IV(h) of the Munitions List; and

    f. Winchester .45 Caliber 230 FMJ Ammunition, Part #Q4170, and

    g. Speer Lawman .380 Caliber Ammunition, Part #53608

both items being defense articles listed in Category III(a) of the Munitions List, without having first obtained from the DDTC, a license for such export or written authorization for such export.

All in violation of Title 22, United States Code, Section 2778(b)(2) and (c), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and 127.1.

## COUNT 2

### (Smuggling Goods From the United States)
### 18 U.S.C. § 554(a)

11. The factual allegations in paragraphs 1 through 8 of the Indictment are incorporated by reference and re-alleged as though fully set forth herein.

12. On or about June 15, 2010, in the District of Arizona, defendant JEAN BAPTISTE KINGERY, also known as "JB," "Jean Baptiste Moisson Kingery," "John Kingsley," "John King," "Juan Batista," "Moss Kingery," "Jeane Kingsley," "Juan Baptiste Moisson De Kingery," and "Juan Moisson":

(1) did, and attempted to, fraudulently and knowingly send and export from the United States merchandise, articles, and objects contrary to a law and regulation of the United States; and

(2) did, and attempted to, knowingly receive, conceal, buy, and sell, and did, and attempted to, knowingly facilitate the transportation, concealment, and sale of merchandise, articles, and objects, knowing that they would be intended for exportation contrary to a law and regulation of the United States.

13. Specifically, defendant KINGERY fraudulently and knowingly attempted to send and export from the United States, and did knowingly conceal and facilitate the transportation, concealment, and sale of, MK-II Grenade Shells, M-67 Grenade Shells, M-61 Grenade Shells, M213 Detonating Fuse, M228 Detonating Fuse, Winchester .45 Caliber 230 FMJ Ammunition Part #Q4170, and Speer Lawman .380 Caliber Ammunition Part #53608.

All in violation of Title 18, United States Code, Section 554(a).

4

## COUNT 3

### (False Statement)
### 18 U.S.C. § 1001

14. On or about December 5, 2008, in the District of Arizona, in a matter within the jurisdiction of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), namely, an interview with Special Agents of the ATF, defendant JEAN BAPTISTE KINGERY, also known as "JB," "Jean Baptiste Moisson Kingery," "John Kingsley," "John King," "Juan Batista," "Moss Kingery," "Jeane Kingsley," "Juan Baptiste Moisson De Kingery," and "Juan Moisson," knowingly and willfully made material false, fictitious, and fraudulent statements and representations. Specifically, defendant KINGERY stated in the interview that firearms he purchased on or about November 25, 2008, in Tucson, Arizona, namely four Century Arms WASR-10 7.62 x 39 caliber rifles (serial numbers 1976FX4690, 1965JL0145, 1965OP2348, 1964CD3304) and three Norinco MAK-90 7.62 x 39 caliber rifles (serial numbers 101364, 9304531, and 100596), were in the possession of a friend on an Indian reservation in Parker, Arizona. This statement and representation was false and fraudulent because, in fact, as

//

//

//

| | |
|---|---|
| 1 | defendant KINGERY well knew, the firearms were not in the possession of a friend on an |
| 2 | Indian reservation in Parker, Arizona. |
| 3 |     All in violation of Title 18, United States Code, Section 1001. |
| 4 | A TRUE BILL |

                                                S/
                              FOREPERSON OF THE GRAND JURY
                              Dated: November 20, 2013

ERIC H. HOLDER, JR
United States Attorney General
ANDRÉ BIROTTE JR.
United States Attorney
Central District of California

        S/
PATRICK R. FITZGERALD
CHRISTOPHER D. GRIGG
Special Attorneys