IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>  vs.<br><br>Jean Baptiste Kingery,<br><br>                Defendant. | **CR-13-01607-1-PHX-SRB**<br><br>**ORDER GRANTING PROTECTIVE ORDER** |

       The Court having considered the stipulation of the parties with respect to the disclosure of certain sensitive information contained in discovery to be provided by the government to defense counsel in this matter [Doc. 45], and good cause appearing therefor, the Court hereby ORDERS as follows:

       1.     In order to permit the government to provide discovery material to defense counsel while avoiding the public disclosure of information, which, if so disclosed, may jeopardize the safety of other individuals, reveal information related to on-going criminal investigations, and reveal sensitive (but not classified) information about government investigative techniques (the "Protected Information")  the discovery that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order

       2.     The Protective Order will encompass any discovery, whether, written or typed documentation, electronic data, or audio or video recordings, provided to the defense team (as defined below) that is designated as "Subject to Protective Order."

3. For the purposes of this Order, the term "defense team" means counsel of record for defendant, paralegal and legal assistants and investigators employed by counsel of record, and retained experts or potential experts. The "defense team" does not include defendant or family members and other associates of the defendant.

4. The government shall mark all discovery subject to the requested Protective Order, "SUBJECT TO PROTECTIVE ORDER" ("materials designated subject to the Protective Order"). Defendant's counsel may object to any such designation by application to the Court upon duly noticed motion, after meeting and conferring with the government regarding the objection. As provided in Paragraph 9 below, any such court filing shall be made under seal.

5. All discovery that the government marks "SUBJECT TO PROTECTIVE ORDER" and produces to defense counsel is solely for the use of defense counsel or other members of the defense team, and shall not be provided to or shared with the defendant or anyone outside the defense team.

6. Upon receipt of materials designated subject to the Protective Order, each member of the defense team who intends to possess or review discovery subject to the Protective Order, will acknowledge in a signed writing that they have read the Protective Order and agree to abide by its terms before they receive or view the discovery.

7. The defense team shall not permit anyone who is not a member of the defense team to retain in his or her possession any materials designated subject to the Protective Order.

8. The defense team shall maintain materials designated subject to the Protective Order in a secure and safe area and shall exercise reasonable care in ensuring the confidentially of the materials.

9. In the event that a party needs to file materials designated subject to the Protective Order with the Court or divulge the contents of such materials in court filings, that party shall move to seal any such filings.

10. The defense team shall access and use materials designated subject to the

Protective Order only for the preparation and litigation of this matter, and for no other purpose.  Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255, provided that in any such appeal or § 2255 motion defendant is represented by counsel who shall have agreed to be bound by the Protective Order and shall hold the Protected Information subject to the Protective Order.  Upon the final disposition of this case, any materials designated subject to the Protective Order shall not be used, in any way, in any other matter, absent a court order. All materials designated subject to the Protective Order maintained in the defense teams' files shall remain subject to the Protective Order unless and until such order is modified by court order.  Upon conclusion of appellate and post-conviction proceedings, the defendant's counsel of record or any new counsel as provided in Paragraph 11 shall return the discovery to the government at that time or certify that the discovery has been destroyed.

11. In the event that there is a substitution of counsel prior to when materials designated subject to the Protective Order must be returned, new counsel must join this Protective Order before any materials designated subject to the Protective Order may be transferred from undersigned counsel to new counsel, who then will become the custodian of all materials designated subject to the Protective Order and who shall then become responsible for returning all such materials to the government upon the conclusion of appellate and post-conviction proceedings.

Dated this 5th day of January, 2016.

_____
Susan R. Bolton
United States District Judge