LORETTA E. LYNCH
United States Attorney General
EILEEN M. DECKER
United States Attorney
Central District of California
WILLIAM A. CROWFOOT (Cal. Bar No. 134173)
ANNAMARTINE SALICK (N.Y. Bar No. 5076385)
Special Attorneys
Terrorism and Export Crimes Section
National Security Division
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4465/3424
    Facsimile: (213) 894-3713
    E-mail: William.Crowfoot@usdoj.gov
           Annamartine.Salick2@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JEAN BAPTISTE KINGERY,<br><br>    Defendant. | CR-13-1607-PHX-SRB<br><br>PLEA AGREEMENT FOR DEFENDANT JEAN BAPTISTE KINGERY |

1. This constitutes the plea agreement between JEAN BAPTISTE KINGERY ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. The United States Department of Justice appointed the USAO to represent the United States in this matter upon the recusal of the United States Attorney's Office for the District of Arizona. This agreement is limited to the USAO and the prosecution of defendant in the District of Arizona for the crimes charged in the November 20, 2013 indictment returned in the District of Arizona. This agreement cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

## DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

   a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in <u>United States v. Jean Baptiste Kingery</u>, CR No. 13-1607-PHX-SRB, which charges defendant with attempted unlawful export of defense articles in violation of Title 22, United States Code, Section 2778(b)(2) and (c), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and 127.1, a Class A felony.

   b. Not contest facts agreed to in this agreement.

   c. Abide by all agreements regarding sentencing contained in this agreement.

   d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

   e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

   f. Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

   g. Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

   h. Defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. Defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the USAO (provided, however, that no prior approval will be required for routine, day-to-day expenditures). Defendant also expressly authorizes the USAO to immediately obtain a credit report as to defendant in order to evaluate defendant's ability to satisfy any financial obligation imposed by the Court. Defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior

to the termination of the defendant's supervised release or probation, such disclosures to be shared with the USAO for any purpose. Finally, defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

THE USAO'S OBLIGATIONS

3. The USAO agrees to:

    a. Not contest facts agreed to in this agreement.

    b. Abide by all agreements regarding sentencing contained in this agreement.

    c. At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

    d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

    e. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend defendant receive a sentence of 60 months' imprisonment to be followed by a three-year term of supervised release.

    f. Apart from the Sentencing Guidelines calculations set forth in paragraph 12 below, the USAO agrees not to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines, or any other variances are appropriate.

THE PARTIES' STIPULATIONS

4. The parties stipulate:

a.  At the time of the offense conduct, a violation of of 22 U.S.C. § 2778(b)(2) and (c), and 22 C.F.R. §§ 121.1, 123.1, and 127.1 was punishable by a maximum fine of $1,000,000, a maximum term of imprisonment of 10 years, or both, and a three-year term of supervised release.

b.  Defendant reserves the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines calculations set forth in paragraph 12 below based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6).

c.  Defendant was in official detention in the custody of Mexico as a result of an arrest that occurred after the commission of the offenses for which defendant was indicted in the District of Arizona on November 20, 2013; in December 2013, Mexico executed a Provisional Arrest Warrant based on a criminal complaint and arrest warrant obtained in the District of Arizona on October 19, 2011; and defendant remained in the custody of Mexico until his extradition to the United States on or about September 30, 2015.

d.  Defendant understands that any recommendations made by the USAO are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

## NATURE OF THE OFFENSE

5.  Defendant understands that for defendant to be guilty of the crime charged in count one, that is, attempted illegal export of defense articles in violation of of 22 U.S.C. § 2778(b)(2) and (c), and 22 C.F.R. §§ 121.1, 123.1, and 127.1, the following must be true:

a.  Defendant intended to willfully export from the United States a defense article, namely ammunition (specifically Winchester .45 Caliber 250 FMJ Ammunition, Part #Q4170 and Speer Lawman .380 Caliber Ammunition, Part #53608), which was designated on the United States Munitions List (the "USML"), as defined in 22 C.F.R. § 121.1, for which a license or written approval from the Department of State was required, without first obtaining the required license or written approval; and

b.  Defendant took a substantial step towards exporting from the United States a defense article on the USML.

PENALTIES

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 22 U.S.C. § 2778(b)(2) and (c), and 22 C.F.R. §§ 121.1, 123.1, and 127.1 occurring on June 15, 2010 is: 10 years' imprisonment; a three-year period of supervised release; a fine of $1,000,000; and a mandatory special assessment of $100.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

10.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On June 15, 2010, in the District of Arizona, defendant Jean Baptiste Kingery, also known as "JB," "Jean Baptiste Moisson Kingery," "John Kingsley," "John King," "Juan Batista," "Moss Kingery," "Jean Kingery," "Juan Baptiste Moisson De Kingery," and "Juan Moisson," did knowingly and willfully attempt to export from the United States to the country of Mexico controlled munitions without having first obtained the requisite license or written authorization for such export.

Specifically, on June 15, 2010, defendant attempted to export approximately 2,504 rounds of ammunition (specifically Winchester .45 Caliber 250 FMJ Ammunition, Part #Q4170 and Speer Lawman .380 Caliber Ammunition, Part #53608), which the defendant concealed or caused to be concealed in the spare tire of a vehicle that defendant sought to drive across the border at the San Luis Port of Entry in San Luis, Arizona into Mexico on that day. Also concealed in the spare tire were grenade components, including grenade shells and detonating fuses. Law enforcement interdicted defendant at the border crossing and seized the grenade components and ammunition.

The seized ammunition is and was a controlled munition under Category III of the USML. United States law prohibited the export of controlled munitions outside of the United States without an export license issued by the United States Department of State's Directorate of Defense Trade Controls. At the time of the offense, defendant knew it was illegal to export the ammunition, including by transporting the ammunition concealed in a vehicle, to Mexico without a license. At no time relevant to the offense conduct in this case did defendant apply for or obtain authorization in the form of a license from the United States Department of State's

Directorate of Defense Trade Controls to export the ammunition to Mexico.

## SENTENCING FACTORS

11. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 26 | U.S.S.G. § 2M5.2 |
| Acceptance of Responsibility: | -3 | U.S.S.G. §§ 3E1.1(a) & 3E1.1(b) |
| Total Offense Level: | 23 | |

13. The USAO will agree to a two-level downward adjustment for acceptance of responsibility and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b) only under the conditions set forth in paragraph 3(d). Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section.

14. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15. As detailed in paragraphs 3 and 4 above, defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines, but not to exceed a 60-month term of imprisonment, based on the factors set forth

in 18 U.S.C. § 3553(a)(1),(a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

16. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

    h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

17. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18. Defendant agrees that, provided the Court imposes a total term of imprisonment of imprisonment within or below the range corresponding to an offense level of 23, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the

Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7) ; and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

19. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of within or below the range corresponding to an offense level of 23, the USAO gives up its right to appeal any portion of the sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEA

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS

21. Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment,

shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

## RESULT OF VACATUR, REVERSAL, OR SET-ASIDE

22. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

23. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

24. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and a Special Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

25. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such

action.

        b.     Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

        c.     Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

26.     Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27.     Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28.     Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one - not the prosecutor, defendant's attorney, or the Court - can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

29.     Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

LORETTA E. LYNCH
United States Attorney General

EILEEN M. DECKER
United States Attorney

_（signature）_ for Annamartine Salick     5/9/16
ANNAMARVINE SALICK                        Date
Special Attorney

_（signature）_                              5/9/2016
JEAN BAPTISTE KINGERY                     Date
Defendant

_（signature）_                              5/9/16
JOY BERTRAND                              Date
Attorney for Defendant JEAN BAPTISTE
KINGERY

13

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     5-9-2016
JEAN BAPTISTE KINGERY                  Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JEAN BAPTISTE KINGERY's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____       5/9/16
JOY BERTRAND                          Date
Attorney for Defendant JEAN BAPTISTE
KINGERY

ACCEPTANCE BY THE COURT

_____
Date                                  Honorable Susan R. Bolton
                                      United States District Judge