Joy Bertrand
PO Box 2734
Scottsdale, AZ  85252-2734
AZ State Bar No. 024181
Office – 602-374-5321
Fax – 480-361-4694
Email – joyous@mailbag.com

www.joybertrandlaw.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| United States of America,  Plaintiff, | Case No. CR-13-1607 |
|---|---|
| v. | SENTENCING MEMORANDUM |
| Jean Baptiste Kingery,  Defendant. | |

NOW COMES the Defendant to submit his sentencing memorandum.

**UNDERLYING FACTS**

Mr. Kingery was arrested in Mexico on August 31, 2011, at the behest of the United States Government.[1]  For another 28 months, Mr. Kingery would sit in a Mexican jail, until Mexico executed from the United States a provisional arrest warrant for him.

---

[1] U.S. Office of Inspector General, U.S. Department of Justice, *A Review of ATF's*

As of the sentencing hearing in this case, he will have been in custody in Mexico and the United States four years, eleven months, and sixteen days.

While he was held in Mexico and the United States decided what to do with him, Mr. Kingery was tortured. Mr. Kingery was beaten and kicked in his eyes, face, ribs, stomach, back, and testicles. He would be bound and blindfolded, so he could not protect himself during the beatings. He was tired to a chair, with a plastic back over his head, suffocating him. If he fainted, he would be woken up by getting slapped. He would be tied by his hands and feet and someone would sit on top of him, with his head covered with a cloth and would pour water on his face. He would be hit hard in both ears. They would take off his clothes showered him with cold water and give him electric shocks.

The details of this torture will be described further at the sentencing hearing. Mr. Kingery's experience is consistent with the reports of human rights violations in Mexican prisons.[2]

Mr. Kingery has been treated for the psychological damage from this experience that also will be discussed further at sentencing.

---

[2] "Torture in Mexico is Out of Control," Amnesty International, available at https://www.amnesty.org/en/latest/campaigns/2015/10/stop-torture-mexico/ (last visited September 12, 2016). See also, "Mexico Human Rights Report," United States Department of State, at 1-3, 4-6, available at https://www.state.gov/documents/organization/236914.pdf (last visited September 12, 2016).

# ARGUMENT

The Sentencing Reform Act unequivocally requires each sentence to be "[no] greater than necessary," to meet the considerations of 18 U.S.C. § 3553(a)(2). The record fails to show how an incarceration term, for this Defendant, is necessary. Federal prison sentences are long and costly and they do little to prepare prisoners for successful reentry and contribute to increased recidivism. Inmates are released after lengthy sentences untreated, unable to find employment, and without family ties, thus leading to the commission of further crimes.[3] As Justice Kennedy said, "our resources are misspent, our punishments too severe, our sentences too long. In the federal system the sentencing guidelines are responsible in part for the increased terms," and they "should be revised downward."[4]

The Eleventh Circuit noted in *United States v. Burgos*, that a sentencing court's basis for an incarceration sentence is rooted in only three considerations:

> [I]f sentencing a defendant who is a one-time offender, a judge may avoid incarceration and focus on rehabilitative programs. Further, we have explained elsewhere that, "[f]or purposes of determining the need for

---

[3] The Sentencing Project, *Incarceration and Crime: A Complex Relationship* 7-8 (2005), available at http://www.sentencingproject.org/doc/publications/inc_iandc_complex.pdf . (hereinafter "Incarceration and Crime")

[4] Speech at the American Bar Association Annual Meeting, Associate Justice Anthony M. Kennedy, August 9, 2003, http://www.supremecourtus.gov/publicinfo/speeches/sp_08-09-03.html.

*incarceration,* Congress specified that only the first three goals, punishment, general deterrence, and specific deterrence, could be considered.

276 F.3d 1284, 1290 n. 6 (11th Cir. 2010)(internal cites omitted).

Here, no further incarceration is required to meet those three goals.

**I.    Mr. Kingery's Lack of Criminal History and Age Show His Risk of Reoffending is Low.**

According to the PSR, the Mr. Kingery has no prior criminal convictions and, therefore, a criminal history score of zero.  (PSR at Para 29)  True "first offenders" present measurably different recidivism risks from those with one criminal history point in criminal history category I.  In a 2003 study, the United States Sentencing Commission found that those defendants with zero criminal history points were 22.6% less likely to reoffend than those with one criminal history point.[5]  For defendants such as Mr. Kingery, who have no prior convictions, the rate of recidivism was only 6.8%.[6]  Therefore, just using this factor, Mr. Kingery has a 93.2% probability of not re-offending.

In a study released in March 2016, defendants with a criminal history score of zero had the lowest likelihood of reoffending of all defendants.  This

---

[5] United States Sentencing Commission, *Recidivism and the First Offender: A Component of the Fifteen-Year Report of the U.S. Sentencing Commission's Legislative Mandate*, May 2004, at 13, available at http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2004/200405_Recidivism_First_Offender.pdf (last visited March 17, 2016)

[6] *Id.* at 14.

likelihood was less than two-thirds that of defendants with criminal history scores of one.[7]

Just applying this factor, which is not fully considered by the Sentencing Guidelines, Mr. Kingery is among the least likely of federal defendants to re-offend. The Guidelines do not account for this significant difference in risk. Rather, they lump those defendants with no criminal history in with those defendants who have one point, although the difference in their recidivism rates is pronounced.

Additionally Mr. Kingery is 45-years-old. (PSR at 2) His risk of re-offending, based only on his age, is 35.9 percent.[8]

**II.    The Torture Mr. Kingery Experienced While In Mexican Custody Presents a Sentencing Factor Under 18 U.S.C. § 3553(a) Not Addressed by the Sentencing Guidelines.**

Extraordinary pretrial conditions can support a sentence below the range set forth in the guidelines. For example, the Second Circuit, in *United States v. Carty*, 264 F.3d 191, 296 (2004), noted that the Sentencing Guidelines do not consider conditions of a pre-sentence detainee's confinement. See also, *United*

---

[7] Hunt, Kim S. and Robert Dumville, United States Sentencing Commission, *Recidivism Among Federal Offenders: A Comprehensive Overview*, at 19, March 2016, available at http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2016/recidivism_overview.pdf (last visited September 12, 2016) (hereinafter "Recidivism Among Federal Defenders")

[8] *Id*. at 23.

*States v. Rodriguez*, 213 F.Supp. 1298 (Ala. 2002)(prison guard rape of a federal prisoner, pre-sentencing, entailed an extraordinary presentence condition to support a downward departure).

The Mexican Government held Mr. Kingery for 28 months, before the United States issued its warrant.  During that time, he was tortured.  The United States knew where Mr. Kingery was.  Mr. Kingery's arrest in Mexico was concocted and executed by the United States.  At one point, prosecutors from the Los Angeles United States Attorney's Office visited him in the Mexican prison.  These conditions certainly are not considered by the Sentencing Guidelines.  They are extraordinary.

## CONCLUSION

For the foregoing reasons, the Defendant asks this Court to adopt the plea agreement.  He further asks this Court to either apply the time between his arrest in Mexico and the issuance of the extradition warrant to his time served or fashion a sentence that takes into consideration not only the time served, but also the conditions in which Mr. Kingery sat while the Government decided whether or not to extradite him.

Respectfully submitted this Twelfth day of September, 2016

                                    s/Joy Bertrand
                                    Attorney for the Defendant

# CERTIFICATE OF SERVICE

On September 12, 2016, I, Joy Bertrand, attorney for the Defendant, Jean Baptiste Kingery, filed the foregoing with the District of Arizona's electronic filing system. Based on my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this pleading will be electronically served upon opposing counsel, upon its submission to the Court. A copy also will be served upon Mr. Kingery via United States mail.

Respectfully submitted this Twelfth day of September, 2016.


                                  s/Joy Bertrand
                                  Joy Bertrand
                                  Attorney for Defendant